UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LYNN ZELVIN, on behalf of himself and all
others similarly situated,

               Plaintiff,

                                                                Case 1:23-cv-9471-LGS

-against-                                         ~~PROPOSED~~ DEFAULT JUDGMENT

CIRCLE OF DRINK, INC.

               Defendant,
_____

October 27, 2023

This action having been commenced on ~~October 6, 2023~~, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on Defendant, on November 10, 2023, and a proof of service having been filed on November 13, 2023, and the defendant not having answered the Complaint, ~~and~~ the time for answering the Complaint having expired, ~~it is:~~ and Defendant having failed to appear at the show-cause hearing on February 21, 2024, it is:

**ORDERED, ADJUDGED AND DECREED:**

    a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York, is hereby granted as follows:

A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its Website into full compliance with the

     requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

 b. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

 c. Compensatory damages in the amount of $1,000 including all applicable statutory and punitive damages and fines to Plaintiff for violations of their civil rights under New York State Human Rights Law and City Law;

 d. Pre and post-judgment interest;

 e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

 f. A hearing to be held in the courthouse to determine the specific amount of damages, civil penalties, and reasonable attorney fees; and

 g. Such other and further relief as this Court may deem just, proper and equitable.

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*

The Complaint adequately alleges that Plaintiff is entitled to injunctive relief under the ADA. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, [and] services . . . of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on a claim under Title III, a plaintiff must establish "that (1) he or she is disabled within the meaning of the ADA; (2) that the defendant[] own[s], lease[s], or operate[s] a place of public accommodation; and (3) that the defendant[] discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *accord Chalas v. Pork King Good*, No. 22 Civ. 03894, 2023 WL 3293639, at *2 (S.D.N.Y. May 5, 2023).

The Complaint alleges that Plaintiff is legally blind, thus falling within the class of persons protected by the ADA. See 42 U.S.C. §§ 12102(1)-(2). Defendant operates a website, circleofdrink.com, which offers users products related to yerba mate tea for sale. "Neither the Supreme Court nor the Second Circuit has addressed the issue of whether stand-alone websites are 'places of accommodation'" within the meaning of the ADA. *Guerrero v. Ellusionist.com, Inc.*, No. 22 Civ. 2465, 2023 WL 3847402, at *3 (S.D.N.Y. June 6, 2023). As a general rule, courts in this district have held that websites are "places of public accommodation" within the meaning of the ADA. See *Chalas*, 2023 WL 3293639, at *3 (collecting cases). Plaintiff uses Job Access With Speech ("JAWS") software, which reads information pulled from webpages to users, to navigate the internet. Defendant's website lacks the information necessary for JAWS software to operate and requires the use of a mouse to complete a transaction. Under Title III of the ADA, unlawful discrimination includes the "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods [and] services, . . . to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii). That readily available guidelines exist and have been implemented by other business entities demonstrates that such accommodations are reasonable. These allegations are sufficient to state a claim under Title III of the ADA.

The Complaint also sufficiently alleges that Plaintiff is entitled to injunctive relief under New York State Human Right Law and New York City Human Rights Law. See N.Y. Exec. Law §§ 290-301; N.Y.C. Administrative Code § 8-102, *et seq.* Because the standards for evaluating claims arising under New York State and New York City laws "are treated as coextensive or more liberal than the ADA standard, Plaintiff necessarily states a claim under" these state statutes when the ADA claim is sufficiently pleaded. S*lade v. Life Spectacular, Inc.*, No. 22 Civ. 37, 2022 WL 17542029, at *4 (S.D.N.Y. Dec. 5, 2022). Because Plaintiff sufficiently pleaded a claim under Title III of the ADA, Plaintiff's claims arising under New York State Human Rights Law and New York City Human Rights Law are sufficiently pleaded.

Finally, the Complaint sufficiently alleges that Plaintiff is entitled to injunctive and compensatory relief under New York State Civil Rights Law. See N.Y. Civ. Rts. Law §§ 40-45. N.Y. Civil Rights Law provides that "[a]ll persons within the jurisdiction of this state shall be entitled to the full and equal accommodations . . . of any places of public accommodations . . . No person, being the owner . . . of any such place shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof." N.Y. Civ. Rts. Law § 40. "No person shall, because of . . . disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in his or her civil rights." *Id.* § 40-c(2). Plaintiff falls within the class of persons protected by N.Y. Exec. Law § 292. Defendant operates a place of public accommodation. *See Chalas*, 2023 WL 3293639, at *3 (collecting cases). By failing to remove access barriers for the visually impaired to circleofdrink.com, Defendant denies blind patrons full and equal access to the goods and services Defendant makes available to the non-disabled public. Plaintiff has complied with the statutory requirements to state a valid claim. *See* N.Y. Civ. Rts. Law § 41 (requiring a Plaintiff to serve notice upon the attorney general). Plaintiff is therefore entitled to injunctive relief and compensatory damages. *See* N.Y. Civ. Rts. Law § 41 (stating that any corporation that violates any of the provisions of § 40 of N.Y. Civ. Rts. Law shall "for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby").

Subject-matter jurisdiction is proper, as Plaintiff brings his claim under federal law. Because the state law claims "form part of the same case or controversy" as the federal law claim over which this court has original jurisdiction, this court may exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(a). Personal jurisdiction is also proper, as the Complaint alleges that Defendant maintains a principal place of business in New York State.

A referral to the Magistrate Judge for a damages inquest will issue separately. So Ordered.

Dated: February 26, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE